■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHON JOHNSON, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the judgment should be reversed because of prosecutorial misconduct. Only one of the alleged incidents of prosecutorial misconduct was preserved for review and we decline to exercise our power to review the others in the interest of justice. Defense counsel did object to an improper remark by the prosecutor on summation concerning defendant's failure to testify. The court sustained the objection and defendant did not ask for a mistrial or for curative instructions. In its charge to the jury, the court told the jury that it could not draw any inference unfavorable to defendant from the fact that he did not take the stand and testify.

We also reject defendant's contentions that the verdict is against the weight of the evidence and that the sentence is harsh and excessive. (Appeal from Judgment of Erie County Court, La Mendola, J.—Attempted Murder, 2nd Degree.) Present—Boomer, J. P., Pine, Lawton, Boehm and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLYDE L. MOFFETT, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that he was denied effective assistance of counsel as a result of counsel's failure to bring a suppression motion. The warrant to search defendant's person and an apartment rented by him was issued based upon information from a confidential informant who had been reliable in the past and who had learned the information from observing and talking to defendant. Any motion to suppress the fruits of the search on the ground that the search warrant application was defective would have been futile. The circumstances of this case, viewed in totality, reveal that counsel provided defendant with meaningful representation *(see, People v Baldi,* 54 NY2d 137).

We have examined defendant's other contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Criminal Possession Marihuana, 2nd Degree.) Present—Boomer, J. P., Pine, Lawton, Boehm and Davis, JJ.